**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DAVID HASSAN,

    Plaintiff

v.

OLAITAN BALOGUN, *et al.*,

    Defendants.

Civil Action No. 23-197 (CKK)

**MEMORANDUM OPINION**
(November 4, 2024)

Plaintiff David Hassan, proceeding *pro se*, asserts common law defamation claims against Defendants Olaitan Balogun, Ade Koiki, Vivian Williams, Moseh Odumegu, and Sharon Newton. *See* Compl., ECF No. 1. Hassan alleges Defendants defamed him by accusing him of sexual misconduct. *Id.* ¶¶ 21, 26–34. Newton moved to dismiss for lack of subject-matter jurisdiction. Def.'s Mot. to Dismiss, ECF No. 30. This Court referred Newton's motion to Magistrate Judge Moxila A. Upadhyaya for a report and recommendation pursuant to Local Civil Rule 72.3(a). Order, ECF No. 71. And the Court is now in receipt of that [72] Report and Recommendation.

Magistrate Judge Upadhyaya's Report and Recommendation recommends that the Court grant Newton's motion and dismiss this matter for lack of subject-matter jurisdiction. ECF No. 72 at 4. The Complaint raises only state-law claims, and Hassan invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Compl. ¶ 1 ("Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000."). Hassan testified under oath that he was a Maryland resident when he commenced this suit and that he remains a Maryland resident today. Report & Recommendation at 2. Because "there is no dispute" that Newton is also a Maryland resident, Magistrate Judge Upadhyaya concluded that "complete diversity of

1

citizenship does not exist in this case." *Id.* at 3–4. As a result, the Report and Recommendation recommends that diversity subject-matter jurisdiction under Section 1332 is lacking. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996).

Magistrate Judge Upadhyaya issued the Report and Recommendation on October 11, 2024 and advised that "under the provisions of Local Rule 72.3(b), any party" with objections to the Report and Recommendation "must file a written objection . . . within fourteen days of the party's receipt of the Report and Recommendation" to avoid waiving their right to appeal. ECF No. 72 at 4. The same day, this Court reiterated that "any objections must be filed on or before October 25, 2024" to avoid such waiver. Min. Order, Oct. 11, 2024. Both warnings were mailed to Hassan's address of record.

No objections to the Report and Recommendation have been filed as of November 4, 2024, and the time to file such objections has lapsed. *See* LCvR 72.3(b). Any objections are thus deemed waived. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* standard or any other standard, when neither party objects to those findings."). Moreover, the Court has independently reviewed the Report and Recommendation, and it agrees with Magistrate Judge Upadhyaya's analysis and conclusions.

Therefore, the Court will **ADOPT** the Report and Recommendation in its entirety, **GRANT** Newton's Motion, and **DISMISS** this action for lack of subject-matter jurisdiction. An appropriate Order accompanies this Memorandum Opinion.

*/s/ Colleen Kollar-Kotelly*
COLLEEN KOLLAR-KOTELLY
United States District Judge